MARY E. AUSTIN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Austin v. Commissioner
Docket No. 5283-73.
United States Tax Court
T.C. Memo 1975-51; 1975 Tax Ct. Memo LEXIS 322; 34 T.C.M. (CCH) 316; T.C.M. (RIA) 750051; March 10, 1975, Filed *322 Mary E. Austin, pro se. Lowell F. Raeder, for the respondent. TANNENWALD
MEMORANDUM FINDINGS OF FACT AND OPINION TANNENWALD, Judge: Respondent determined a deficiency of $417.64 in petitioner's 1971 income tax. The sole issue is whether petitioner is entitled to a deduction for "war crimes." Petitioner resided in Philadelphia, Pennsylvania, at the time she filed her petition herein. In her petition, petitioner alleged error by respondent on the grounds that during the taxable year in issue the United States Government "was engaged in a war in Indo-China and in so doing has violated, as a matter of official administration policy, certain recognized statutes of international law, including the Nuremberg Principles, the Hague Convention of 1949, the Geneva Accords of 1954 and the United Nations Charter," that "[it] has also been in violation of the Constitution of the United States," and that the Indo-China war was otherwise illegal. Petitioner also alleged certain facts in support of her allegations and further claimed that the sum of $417.64 was turned over to the Philadelphia War Tax Resistance Fund. Respondent, having filed an answer denying the substantive *323 allegations of the petition, moved for judgment on the pleadings. We hold that respondent's motion should be granted. We accept the fact that petitioner's views are based upon strong and sincere convictions. Nevertheless, whether we view petitioner's position as being founded on religious or moral principles or on alleged illegal acts on the part of the United States Government and even if we assume, as we must, for the purposes of this motion, that her allegations are true, petitioner must fail. The issues which she has raised have consistently been held by the courts not to provide a basis for permitting a taxpayer to avoid his or her obligation to pay Federal income tax. , and cases cited therein. The Third Circuit Court of Appeals (to which an appeal in this case would lie, cf. , affd. (C.A. 10, 1971)), in (C.A. 3, 1973), has adhered to this position even in a situation involving a criminal prosecution for violation of the Federal income tax laws. [1] We find no basis in developments *324 in our national political and government life since those cases were decided to depart, as petitioner suggests we should do, from the established precedents.
Decision will be entered for the respondent.
Footnotes
1. See also ; ; .↩